IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES ex rel. CLIFFORD MIKELS (#R-29395), | )<br>)<br>) |
| Petitioner, | )<br>) Case No. 06 C 1747 |
| v. | )<br>) |
| JOHN EVANS,[1] Warden, Big Muddy River Correctional Center, | )<br>)<br>) |
| Respondent. | ) |

## MEMORANDUM OPINION AND ORDER

AMY J. ST. EVE, District Court Judge:

Before the Court is Petitioner Clifford Mikels' petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254(d)(1). For the following reasons, the Court denies Mikels' habeas petition.[2]

## BACKGROUND

Mikels does not present clear and convincing evidence challenging the statement of facts set forth in the Illinois Appellate Court's opinions affirming the judgments of the Circuit Court

---

[1] John Evans is currently the Warden at Big Muddy River Correctional Center where Mikels is incarcerated. Therefore, the Court substitutes Evans as the proper Respondent pursuant to Rule 2(a) of the Rules Governing Habeas Corpus Cases under 28 U.S.C. § 2254. *See* Fed.R.Civ.P. 25(d)(1).

[2] Instead of filing a Reply to Respondent's Response to his Section 2254(d)(1) petition, Mikels filed a Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 56. Mikels, however, has failed to articulate any cogent reason why the Court should grant his motion, especially because his habeas claims are procedurally defaulted or lack merit, as discussed below. Moreover, because Mikels has failed to show good cause, the Court, in its discretion, denies his request for discovery in this matter. *See Stevens v. McBride,* 489 F.3d 883, 899 (7th Cir. 2007).

of Lake County, and thus the Court presumes those facts are correct for purposes of its habeas review. *See* 28 U.S.C. § 2254(e)(1); *Virsnieks v. Smith,* 521 F.3d 707, 714 (7th Cir. 2008). The Court adopts the underlying facts as set forth by the Illinois Appellate Court in *People v. Mikels,* No. 2-04-0643 (Ill.App.Ct. Sept. 29, 2005) (unpublished) and *People v. Mikels,* No. 2-06-0357 (Ill.App.Ct. Oct. 15, 2007) (unpublished). The Court begins with a brief recounting of the relevant facts as determined by the Illinois Appellate Court. *See Easley v. Frey,* 433 F.3d 969, 970 (7th Cir. 2006).

**I.     Factual Background**

On April 9, 2003, police officers obtained a warrant to search Mikels and a residence located at 12810 Beach Road, Beach Park, Illinois. The search warrant was based on information provided by an undisclosed informant who stated that Mikels had sold cocaine to him approximately ten times within the prior six month period. According to the informant, he had been inside the residence that was the subject of the search warrant within the previous 72 hour period and saw cocaine, a shotgun, two scales, and a large amount of money.

When the police officers executed the search warrant, they found two sisters, Sarah and Jamie Hernandez, living at the residence. During the search of the residence, police officers found approximately 220 grams of cocaine, firearms, a digital scale, and a police scanner. The police also found proof of Mikels' residency.

On February 26, 2004, Mikels' defense attorney filed a motion to disclose the identity of the confidential informant. At the motion hearing, defense counsel argued that the information provided by the informant that was used to obtain the search warrant had no independent indicia of reliability. The State responded that the informant did not actively participant in the

2

investigation and that the State would not be calling the informant as a witness at trial. According to the State, all of the evidence that was seized at the residence was based on the search warrant rather than on any interaction between the confidential informant and Mikels. The trial court denied Mikels' motion to disclose the identity of the confidential informant noting that when the police appeared before the court to obtain the search warrant, the court established the believability and credibility of the information in issuing the warrant.

## II.     Procedural Background

### A.     Direct Appeal

Following a 2004 jury trial in the Circuit Court of Lake County, Mikels was convicted of unlawful possession of a controlled substance with intent to deliver and sentenced to 12 years of imprisonment. (R. 43-1, Resp.'s Rule 5 Exs., Ex. A). On direct appeal to the Illinois Appellate Court, Mikels presented three claims: (1) the trial court erred by denying his motion to disclose the identify of the informant; (2) he was deprived his statutory right to a speedy trial; and (3) the State failed to prove beyond a reasonable doubt that he possessed a controlled substance with intent to deliver. (Ex. B.) On September 29, 2005, the Illinois Appellate Court affirmed Mikels' conviction. (Ex. A.) Mikels then filed a petition for leave to appeal ("PLA") to the Supreme Court of Illinois presenting the following claims: (1) the Illinois Appellate Court erred in affirming the trial court's denial of Mikels' motion to disclose the identity of the informant; (2) the Illinois Appellate Court erred in concluding that Mikels was not denied his statutory right to a speedy trial; and (3) the Illinois Appellate Court erred in concluding that the evidence was sufficient to sustain his conviction. (Ex. D.) On January 25, 2006, the Supreme Court of Illinois denied Mikels' PLA. (Ex. E.)

### B. Post-Conviction Petition

On January 3, 2006, Mikels filed a pro se post-conviction petition under 725 ILCS 5/122-1, *et seq.*, claiming that: (1) trial counsel was ineffective for failing to (a) file a motion to suppress evidence obtained from a search of the residence because the search warrant was based on information from an anonymous informant, and (b) interview witnesses and collect evidence that would have allegedly impeached a State witness; and (2) appellate counsel provided constitutionally ineffective assistance of counsel for failing to raise these claims on direct appeal. (Ex. F.) On February 24, 2006, the trial court summarily dismissed Mikels' post-conviction petition. (Ex. G.) Mikels then appealed his post-conviction petition to the Illinois Appellate Court raising one claim – that trial counsel was ineffective for failing to file a motion to suppress evidence obtained from the search of the residence because the warrant was based on information from an anonymous informant. (Ex. H.) On October 15, 2007, the Illinois Appellate Court affirmed the trial court's decision concluding that Mikels had not demonstrated that there was a reasonable probability that the trial court would have granted his motion to suppress if trial counsel had filed it. (Ex. J.) On January 3, 2008, Mikels filed a motion for leave to file a late PLA in the Supreme Court of Illinois, which the court allowed. (Ex. K.) Mikels presented one claim in his late-filed PLA – that trial counsel was ineffective for failing to file a motion to suppress evidence resulting from the search. (Ex. L.) On May 29, 2008, the Supreme Court of Illinois denied Mikels' post-conviction PLA. (Ex. M.)

### C. Habeas Petition

While his state post-conviction proceedings were pending, Mikels filed a petition for a writ of habeas corpus with this Court pursuant to 28 U.S.C. § 2254(d)(1). Construing Mikels pro

4

se petition liberally, *see Benders & Benders v. Bellows*, 515 F.3d 757, 767 (7th Cir. 2008), Mikels' habeas claims include: (1) a due process claim based on the trial court's denial of the informant's identify precluding Mikels from cross-examining the informant; and (2) constitutionally ineffective assistance of appellate counsel for failing to assert a federal basis for his speedy trial right violation and a sufficiency of the evidence claim. (R. 1-1, Habeas Pet., at 5.) On May 17, 2006, the Court granted Mikels' motion to stay his habeas petition pending the resolution of his state post-conviction proceedings. (R. 7-1.) On September 10, 2008, the Court lifted the stay and ordered Respondent to answer the petition. (R. 26-1.) On October 8, 2008, Mikels filed a supplemental habeas petition adding the following claims: (1) trial counsel was constitutionally ineffective for failing to challenge (a) the allegedly defective charging instrument, (b) the timeliness of the probable cause determination, and (c) the State's alleged failure to collect forensic evidence from the crime scene and preserve evidence that was collected; (2) appellate counsel was constitutionally ineffective for failing to raise these issues on direct appeal; (3) he was denied his Fourth Amendment right to have a probable cause determination within 48 hours of his warrantless arrest; and (4) he was denied his right to a fair trial when the State failed to collect forensic evidence from the crime scene that would have proven his innocence and preserve evidence that was collected. (R. 31-2, Supp. Pet., at 2-4.)

## LEGAL STANDARDS

### I. Habeas Standard

"Section 2254 [of title 28] circumscribes a federal court's ability to grant habeas relief to prisoners in state custody." *Malone v. Walls,* 538 F.3d 744, 753 (7th Cir. 2008). Specifically, under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), habeas relief

cannot be granted unless the state court's decision was contrary to, or an unreasonable application of federal law clearly established by the Supreme Court. *See Williams v. Taylor,* 529 U.S. 362, 402-03, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000); *Calloway v. Montgomery,* 512 F.3d 940, 943 (7th Cir. 2008). In *Williams*, the Supreme Court explained that a state court's decision is "contrary to" clearly established Supreme Court law "if the state court arrives at a conclusion opposite to that reached by this Court on a question of law" or "if the state court confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite to ours." *Id.* at 405.

Under the "unreasonable application" prong of the AEDPA standard, a habeas petitioner must demonstrate that although the state court identified the correct legal rule, it unreasonably applied the controlling law to the facts of the case. *See id.* at 407. "This reasonableness determination is quite deferential, such that a state decision may stand as long as it is objectively reasonable, even if the reviewing court determines it to be substantively incorrect." *Barrow v. Uchtman*, 398 F.3d 597, 602 (7th Cir. 2005); *see also Williams*, 529 U.S. at 410 (an ***unreasonable*** application of federal law is different from an ***incorrect*** application of federal law) (emphasis in original). To be considered objectively unreasonable, a state court's decision must lie "well outside the boundaries of permissible differences of opinion." *Gilbert v. Merchant,* 488 F.3d 780, 790 (7th Cir. 2007) (quoting *Hardaway v. Young,* 302 F.3d 757, 762 (7th Cir. 2002)). Also, to be reasonable, a state court's decision must be "at least minimally consistent with facts and circumstances of the case." *Simpson v. Battaglia,* 458 F.3d 585, 592 (7th Cir. 2006).

**II.    Exhaustion and Procedural Default**

Before bringing a habeas claim in federal court, a petitioner must exhaust all remedies

6

available to him in state court. *Lieberman v. Thomas,* 505 F.3d 665, 669 (7th Cir. 2007). Specifically, a habeas petitioner must fully and fairly present his federal claims to the state courts before he files his federal habeas petition. *See O'Sullivan v. Boerckel,* 526 U.S. 838, 845, 848, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999); *Johnson v. Loftus,* 518 F.3d 453, 455 (7th Cir. 2008). "A procedural default occurs where a habeas petitioner 'has exhausted his state court remedies without properly asserting his federal claim at each level of state court review.'" *Crockett v. Hulick,* 542 F.3d 1183, 1192 (7th Cir. 2008) (citation omitted).

A habeas petitioner may overcome procedural default by demonstrating cause for the default and actual prejudice or by showing that the Court's failure to consider the claim would result in a fundamental miscarriage of justice. *See House v. Bell,* 547 U.S. 518, 536, 126 S.Ct. 2064, 165 L.Ed.2d 1 (2006); *Coleman v. Thompson,* 501 U.S. 722, 750, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991). The Supreme Court defines cause sufficient to excuse procedural default as "some objective factor external to the defense" which prevents a petitioner from pursuing his constitutional claim in state court. *Murray v. Carrier,* 477 U.S. 478, 492, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986). A fundamental miscarriage of justice occurs when a petitioner establishes that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Id.* at 496.

## ANALYSIS

### I. Procedurally Defaulted Claims

Mikels has procedurally defaulted all but one of his habeas claims. Specifically, in his original habeas petition, Mikels argues that his appellate counsel was constitutionally ineffective for failing to assert (1) a federal basis for the alleged speedy trial violation and (2) a sufficiency

of the evidence claim. First, Mikels' claim concerning the sufficiency of the evidence is factually incorrect because Mikels' counsel did present a sufficiency of the evidence claim on direct appeal that the Illinois Appellate Court ultimately rejected. *See People v. Mikels,* No. 2-04-0643, at 18-22. Next, although Mikels raised his speedy trial ineffective assistance claim in his post-conviction petition, he failed to raise it on appeal to the Illinois Appellate Court and in his PLA to the Supreme Court of Illinois. As the Supreme Court has made abundantly clear, a habeas petitioner must fully and fairly present his federal claims to the state courts before he files his federal habeas petition. *See Boerckel,* 526 U.S. at 845-48. This standard requires that a habeas petitioner must present the federal nature of his claims through one full round of review, including in his PLA to the Supreme Court of Illinois. *See id.*; *Crockett,* 542 F.3d at 1192. Because Mikels failed to assert his speedy trial ineffective assistance of appellate counsel claim to the Illinois Appellate Court and Supreme Court of Illinois, he has procedurally defaulted this claim.

Nevertheless, Mikels maintains that appellate counsel's ineffectiveness caused this default – yet Mikels has procedurally defaulted all of his ineffective assistance of appellate counsel claims as discussed below. *See Lewis v. Sternes,* 390 F.3d 1019, 1026 (7th Cir. 2004) ("a claim of ineffectiveness must itself have been fairly presented to the state courts before it can establish cause for a procedural default of another claim."). Moreover, Mikels does not argue that he was prejudiced by this omission or that failure to address this issue would result in a fundamental miscarriage of justice. *See House,* 547 U.S. at 536; *Coleman,* 501 U.S. at 750. Accordingly, the Court is barred from determining the merits of this ineffective assistance of appellate counsel claim based on the alleged speedy trial violation. *See Williams v. Buss,* 538

8

F.3d 683, 686 (7th Cir. 2008) ("an unexcused procedural default ends the case").

Next, all of Mikels' additional claims brought in his supplemental habeas petition are procedurally defaulted because he brought these claims for the first time in his supplemental habeas petition to this Court. *See id.; see also Boerckel,* 526 U.S. at 848-49. These claims include: (1) ineffective assistance of trial counsel for failing to challenge (a) the allegedly defective charging instrument, (b) the timeliness of the probable cause determination, and (c) the State's alleged failure to collect forensic evidence from the crime scene and preserve evidence that was collected; (2) ineffective assistance of appellate counsel for failing to raise these issues on direct appeal; (3) the denial of his Fourth Amendment right to have a probable cause determination within 48 hours of his warrantless arrest; and (4) the denial of a fair trial when the State failed to collect forensic evidence from the crime scene that would have allegedly proven his innocence and preserve evidence that was collected. Mikels has procedurally defaulted these claims because he did not present them to the Illinois courts and fails to offer any explanation as to this default. *See House,* 547 U.S. at 536; *Coleman,* 501 U.S. at 750. Thus, the Court is barred from determining the merits of these claims. *See Williams,* 538 F.3d at 686.

## II.    Due Process Claim

The Court now turns to the merits of Mikels' due process claim. Specifically, Mikels maintains that he was denied his due process right to a fair trial when the trial court denied his motion to disclose the identify of the confidential informant, thereby denying him the right to cross-examine the informant. A criminal defendant's right to confront witnesses is an essential component of a fair trial and is guaranteed by the Sixth Amendment's Confrontation Clause. *See Pointer v. Texas,* 380 U.S. 400, 403-04, 85 S.Ct. 1065, 13 L.Ed.2d 923 (1965). The

9

Confrontation Clause bars "admission of testimonial statements of a witness who did not appear at trial unless he was unavailable to testify, and the defendant had had a prior opportunity for cross-examination." *Crawford v. Washington,* 541 U.S. 36, 53-54, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004). Evidence is "testimonial" when it is "made under circumstances which would lead an objective witness reasonably to believe that the statements would be available for use at a later trial." *United States v. Watson,* 525 F.3d 583, 589 (7th Cir. 2008) (quoting *Crawford*, 541 U.S. at 52). Here, the State did not present the informant's testimony at trial in the first instance, and thus the Confrontation Clause does not apply under the circumstances. *See Crawford*, 541 U.S. at 588-89 ("The Confrontation Clause does not, however, apply to statements that are not testimonial in nature.").

Meanwhile, the Supreme Court has previously rejected the argument that the State's failure to produce an informant to testify against a criminal defendant is a violation of Confrontation Clause. *See McCray v. Illinois,* 386 U.S. 300, 313, 87 S.Ct. 1056, 18 L.Ed.2d 62 (1967) (Sixth Amendment right to confrontation and cross-examination not violated by Illinois' recognition of the informer's privilege); *see also Cooper v. California,* 386 U.S. 58, 62 n.2, 87 S.Ct. 788, 17 L.Ed.2d 730 (1967) (argument that defendant was deprived right to confrontation because State did not produce an informant to testify against him is devoid of merit). As the *McCray* Court explained, "the Court in the exercise of its power to formulate evidentiary rules for federal criminal cases has consistently declined to hold that an informer's identity need always be disclosed in a federal criminal trial." *Id.* at 312. The Supreme Court, however, requires that "[w]here the disclosure of an informer's identity, or of the contents of his communication, is relevant and helpful to the defense of an accused, or is essential to a fair

10

determination of a cause, the [informer's] privilege must give way." *United States v. Roviaro*, 353 U.S. 53, 60-61, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957). Under *Rovario*, courts "must take a balanced approach and in the end decide whether the party opposing the privilege has credible need for the information in order to defend itself in the action – a need greater than the important policy consideration underlying the privilege." *Dole v. Local 1942, Int'l Bhd. of Elec. Workers*, 870 F.2d 368, 373 (7th Cir. 1989).

In addressing the trial court's denial of Mikels' motion to disclose the identity of the confidential informant, the Illinois Appellate Court reasoned:

> Defendant's first argument on appeal is that the trial court erred by denying his motion to disclose the identity of the confidential informant. Defendant contends that the disclosure of the informant's identity was necessary to allow him to prepare a defense and reduce the likelihood of false testimony. According to defendant, there was no independent corroboration of drug trafficking, such as controlled buys or observed drug activity at the house; he was not at the premises on April 9, 2003; and he had not been in Illinois since April 5, 2003. Instead, when police executed the warrant, defendant argues that Sarah resided in the house with her sister, Jamie, and that they were near the police scanner and cocaine at the time of the search. Defendant concludes that the trial court failed to engage in any meaningful analysis regarding disclosure and denied his motion solely because a search warrant had been issued by the court.
>
> The State argues that this issue is waived because defendant failed to raise it in his post trial motion. Alternatively, the State argues that the informant in this case was a mere tipster who did not witness the charged offense and who was not present when the search warrant was executed. In short, the State avers that every single piece of evidence was seized on the execution of the search warrant rather than on any interaction that the informant had with defendant. Recognizing that waiver is a limitation on the parties and not on the court (*People v. Carter*, 208 Ill.2d 309, 318 (2004)), we consider the issue and determine that the trial court properly denied defendant's motion to disclose the identity of the confidential informant.
>
> Supreme Court Rule 412(j)(ii) governs when the State is required to disclose the identity of a confidential informant: "Disclosure of an informant's identity shall not be required where his identity is a prosecution secret and a failure to disclose will not infringe the constitutional rights of the accused.

11

Disclosure shall not be denied hereunder of the identity of witnesses to be produced at a hearing or trial. 188 Ill.2d R. 412(j)(ii).

In a criminal prosecution, the State has a qualified privilege to not disclose the identity of informants. *People v. Bufford*, 277 Ill.App.3d 862, 865 (1995). Our supreme court has adopted the standard whereby disclosure is required when an informant acts in the dual role of an informant-participant. *People v. Herron*, 218 Ill.App.3d 561, 572 (1991). Where an informant's knowledge is potentially significant on the issue of the defendant s guilt or innocence, the defendant is prejudiced by the State's refusal to disclose. *Herron*, 218 Ill.App.3d at 572. Conversely, where the unnamed informant was neither a participant nor a material witness to the essential elements of the offense, the informant is not a crucial witness and identity can be withheld. *Herron*, 218 Ill.App.3d at 572.

The defendant has the burden of showing that disclosure of the informant's identity is necessary to prepare his defense. *People v. Rose*, 342 Ill.App.3d 203, 206 (2003). Whether or not to require disclosure involves balancing the public interest in protecting informants against the defendant's right to prepare a defense. *Rovario v. United States*, 353 U.S. 53, 62 [ ] (1957); *Rose*, 342 Ill.App.3d at 206. In Illinois, the factors considered by courts under this balancing test are whether the requests for disclosure related to the fundamental question of guilt or innocence rather than to the preliminary issue of probable cause; whether the informant played an active role in the criminal occurrence as opposed to being a mere tipster; and whether it has been shown that the informant's life or safety would likely be jeopardized by disclosure of his identity. *Herron*, 218 Ill.App.3d at 572. Each case must be decided on its own facts. *Bufford*, 277 Ill.App.3d at 865. The standard of review is whether the trial court abused its discretion. *People v. Chavez*, 327 Ill.App.3d 18, 34 (2001).

Based on the record before us, the confidential informant appears to be nothing more than a tipster. According to the informant, he had been inside the residence within the last 72 hours and had observed two containers containing cocaine, and defendant had sold cocaine to him approximately 10 times within the last six months. Although these statements formed the basis for the search warrant executed on April 9, 2003, that fact does not make the informant a material witness to defendant's crime. *See Herron*, 218 Ill.App.3d at 573-74 (informant was not a material witness to the defendant's crimes even though the informant participated in the purchase of a controlled substance 48 hours prior to the date of the search and that information formed the basis for the search warrant).

Here, defendant was charged only with the offenses related to evidence obtained from the search and faced no charges with respect to the informant's drug purchases. Moreover, the informant was not present during the search or

during defendant's arrest, there was no evidence that the informant either participated in the offense for which defendant was charged or helped set up its commission, and no part of the informant's communications to police was used as evidence in the case. *See People v. Mack*, 12 Ill.2d 151, 165 (1957) (disclosure of confidential informant not required where informant took no part in serving the search warrant or in the defendant's arrest, the defendant did not participate in the defendant's crime or help set up its commission, and no part of the informant's communication to the police was used as evidence in the cause); *see also Herron*, 218 Ill.App.3d at 574 (the defendant failed to show that disclosure of the informant's identity was necessary to prepare his defense as there was no evidence that the informant participated in the crime or was present when defendant was arrested). Because the informant in this case was merely a tipster who had no further involvement in the criminal transaction, disclosure of the informant's identity was not required.

*People v. Mikels,* No. 2-04-0643, at 10-12.

The Illinois Appellate Court's decision was not contrary to or an unreasonable application of clearly established federal law as determined by the United States Supreme Court. *See* 28 U.S.C. § 2254(d)(1); *Williams,* 529 U.S. at 376. As discussed, the State did not present the informant's testimony at trial, and thus the Illinois court did not err by discussing the disclosure of the informer's identity under *Rovario* instead of analyzing Mikels' claim as a Confrontation Clause claim under *Crawford*. Moreover, the Illinois Appellate Court reasonably applied the *Rovario* standard to the facts and circumstances of this case when it concluded that the trial court properly denied Mikels' motion to disclose the identify of the confidential informant. *See Simpson,* 458 F.3d at 592. Specifically, the appellate court balanced the public interest in protecting informants against Mikels' right to prepare a defense when it concluded that the informant's identity was not necessary for Mikels to prepare his defense because the informant had no involvement in any criminal transaction and the police did not use the informant's communications as evidence at trial. *See Rovario,* 353 U.S. at 60-62. Accordingly, Mikels has failed in his burden of demonstrating that the Illinois Appellate Court's decision was

objectively unreasonable. *See Woodford v. Visciotti,* 537 U.S. 19, 24-25, 123 S.Ct. 357, 154 L.Ed.2d 279 (2002) (per curiam).

## CONCLUSION

For these reasons, the Court denies Mikels' petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254(d)(1).

Dated: January 13, 2009

                                      **ENTERED**

                                      _____
                                      **AMY J. ST. EVE**
                                      **United States District Judge**